B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Nevada___

In re ___TRUCKEE MEADOWS PARKS FOUNDATION___
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___25-50659-HLB___

Chapter ___7___

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Heidi Anderson
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE 9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148 or electronically to bsims@houmandlaw.com | DATE AND TIME August 15, 2025                    12:00 p.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   July 25, 2025
       _____

CLERK OF COURT

OR

_____               /s/ Bradley G. Sims
*Signature of Clerk or Deputy Clerk*        _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing W. Donald Gieseke, Chapter 7 Trustee, who issues or requests this subpoena, are:   Bradley G. Sims, Esq., Houmand Law Firm, Ltd., 9205 West Russell Road, Building 3, Suite 240, Las Vegas, Nevada 89148.  Telephone: 702.720.3370.  Email: bsims@houmandlaw.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## DEFINITIONS

The following definitions are to be used with respect to these documents:

A.    "Document" is intended to be as broad as it is used in Federal Rule of Civil Procedure 34 and includes, without limitation:

(i)    The original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media[1];

(ii)    Any kind of written, digital, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes or other material inserted therein or attached thereto, or otherwise) and drafts and both sides thereof, including, but not limited to: papers; books; letters; correspondence; telegrams; cables; notes; facsimiles; files; file cover jackets; minutes of meetings; memoranda; interoffice communications; writings; records; studies; data compilations; analyses; reports; summaries and results of investigations and tests; reviews; contracts; affidavits; pleadings; stays; lists; tabulations; computer print-outs; data processing records; microfilm; promissory notes; loan agreements; loan files and all notes contained within loan files; deeds of trust; judgments; real estate contracts for sale or lease; appraisals; opinions; bills; agreements; working papers; tax returns; statistical records; ledgers; books of account; vouchers; bank checks; bank statements; invoices; receipts; computer data; stenographers' notebooks; manuals; directives; bulletins; desk calendars; appointment books; diaries; maps; charts; graphs; photographs; phone records; videos; plats; drawings; or other graphic representations; logs; investigators' reports or papers or any written, recorded or sound recordings of any type of conversation, meeting or conference, similar to any of the foregoing, however denominated; and

(iii)    Any written communications, letters, correspondence, electronic mail, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings,

---

[1] Physical media includes, but is not limited to, paper media, photographic media (including pictures, films, slides and microfilm), phonographic media, magnetic media (including, but not limited to hard drives, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer . disk, computer tape or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

      B.     "Relating or referring" are used in their broadest sense and shall mean and include, but shall not be limited to, advert, allude, comprise, concern, constitute, describe, discuss, mention, note, pertain, quote, recite, recount, reflect, report or state.

      C.     The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

      D.     Each document produced pursuant to **Exhibit "A"** shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such documents were located when the request was served) or shall be organized and labeled to correspond to the categories of documents requested.

      E.     "You" or "Your" shall refer to Heidi Anderson.

      F.     "Corporate Entity" shall include any entity that can be formed under the laws of any state of the United States including, but not limited to, general partnerships, limited partnerships, family partnerships, limited family partnerships, limited liability partnerships, corporations, professional corporations, or limited liability companies.

      G.     The "Debtor" shall mean Truckee Meadows Park Foundation., chapter 7 Debtor in the Case *In re Truckee Meadows Park Foundation*, Case Number BK-S-25-50659-HLB, United States Bankruptcy Court, District of Nevada.

      H.     You are instructed to produce any and all documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative.)

      I.     To the extent the location of any document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the located of an unknown document, describe the document with sufficient particularity so that it can be identified, set forth your best estimate of the documents location, and describe the basis upon which the estimate is made.

      J.     If any document request is deemed to call for disclosure of proprietary data, counsel for Movant is prepared to receive such data pursuant to an appropriate confidentiality order.

      K.     To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of

the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when the document was prepared and who has seen the document; and (4) identify every other document which refers to or describes the contents of such document.

L.      If any document has been lost or destroyed, the document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

M.      These requests also relate to documents created or coming into Your possession or control on or after the commencement date of these proceedings to the date of the response, unless otherwise requested.

## ITEMS TO BE PRODUCED

1.      Produce copies of all account statements (monthly, quarterly, annual) for any bank, credit union, credit card, investment, money market, or cryptocurrency accounts held in Your name individually or jointly., commencing from January 1, 2019, to the present.

2.      Produce copies of all account statements for any account over which You had signatory authority or access, whether in your name or another's (including the Debtor, affiliated entities, or other third parties), commencing from January 1, 2019, to the present.

3.      Produce copies of all documents relating to the accounts identified in Requests 1– 2, including but not limited to:

  a.      Front and back of checks issued or deposited;
  b.      Wire transfer confirmations and instructions;
  c.      ACH transactions or online transfer records;
  d.      Deposit and withdrawal slips;
  e.      Internal account memos or notes.

4.      Produce all agreements or contracts between You and the Debtor, including employment, consulting, or independent contractor agreements.

5.      Produce copies of any and all contracts between You and the Debtor, from January 1, 2019 to the present.

6.      Produce any termination or severance agreements between You and the Debtor.

7.      Produce any employment agreements, job offers, or pay structures issued to You by the Debtor or related entities.

8.      Produce any operating agreements, bylaws, or governance documents of the Debtor in Your possession or control.

-4-

9.    Produce any financial records of the Debtor in Your possession, custody, or control, including:

    a.  Balance sheets;
    b.  Income statements;
    c.  Bank statements;
    d.  General ledgers;
    e.  Accounting records;
    f.  Payroll records;
    g.  Vendor payment history;
    h.  Loan documents or disbursement logs.