1   Jacob L. Houmand, Esq. (NV Bar No. 12781)
    Email: jhoumand@houmandlaw.com
2   Bradley G. Sims, Esq. (NV Bar No. 11713)
    Email: bsims@houmandlaw.com
3   HOUMAND LAW FIRM, LTD.
    9205 West Russell Road, Building 3, Suite 240
4   Las Vegas, NV 89148
    Telephone:    702/720-3370
5   Facsimile:    702/720-3371

6   *Counsel for W. Donald Gieseke, Chapter 7 Trustee*

7

8               **UNITED STATES BANKRUPTCY COURT**

9                     **DISTRICT OF NEVADA**

10  In re:                              | Case No.  BK-S-25-50659-HLB
                                        | Chapter 7
11  TRUCKEE MEADOWS PARKS
    FOUNDATION,                         | **MOTION TO APPROVE SALE OF
12                                      | SUBSTANTIALLY ALL OF THE
            Debtor.                     | DEBTOR'S ASSETS PURSUANT TO 11
13                                      | U.S.C. § 363**

14                                      | Date of Hearing:    November 4, 2025
                                        | Time of Hearing:    1:30 p.m.
15
                                        | Place: Telephonic Hearing
16                                      | Phone Conference Number: (833) 435-1820
                                        | Meeting ID: 160 532 0260
17                                      | Access Code: 643758#

18
                                        | Judge:  Honorable Hilary L. Barnes[1]
19

20          W. Donald Gieseke (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-

21  captioned bankruptcy case, by and through his counsel of record, Jacob L. Houmand, Esq. and

22  Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Motion to Approve*

23  *Sale of Substantially All of the Debtor's Assets Pursuant to 11 U.S.C. § 363* (the "Motion").

24  . . .

25

26  [1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11
    U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The
27  Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of
    Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United
28  States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules."

                                    -1-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

The Motion is based on the following Memorandum of Points and Authorities and the *Declaration of W. Donald Gieseke In Support of the Motion to Approve Sale of Substantially All of the Debtor's Assets Pursuant to 11 U.S.C. § 363* (the "Trustee Declaration"), which is filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).

The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion. Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order approving the Motion is attached hereto as **Exhibit "1"**.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By way of this Motion, the Trustee seeks authority to sell substantially all of the tangible personal property of Truckee Meadows Parks Foundation (the "Debtor"), including office equipment, furniture, supplies, and outdoor maintenance equipment, free and clear of all liens, claims, encumbrances, and interests, to Great Basin Institute (the "Purchaser"), pursuant to the Purchase and Sale Agreement (the "Purchase Agreement").

The sale will be for the total purchase price of $14,000.00, payable in cash at closing. The sale is subject to higher and better offers pursuant to § 363(b), and the Trustee requests waiver of the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) to allow immediate closing following entry of an order approving this Motion.

### II.    JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

judgment by this Court.  Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in the Motion herein are Section 363 and FRBP 6004.

### III.    STATEMENT OF FACTS

1.    On July 17, 2025, the Debtor filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[3]

2.    On July 17, 2025, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 4].

3.    On or about July 31, 2025, the Debtor filed a Schedule A/B identifying an interest in, among other things, property described as "OFFICE FURNITURE, EQUIPMENT AND SUPPLIES LOCATED AT 6800 PEMBROKE DR.", "APPROXIMATELY 50 MACBOOK AIRCOMPUTERS AND IPADS," a "TORO GOLF CART", and MISCELLANEOUS GARDENING TOOLS ATROSEWOOD NATURE STUDY (collectively, the "Property").

4.    After reviewing the Property and conducting an inquiry into its value, the Trustee determined that a sale of the Property as a package would maximize recovery for the estate.

5.    On October 1, 2025, the Trustee and the Purchaser entered into the Purchase Agreement that provided for the sale of the Property to the purchaser for $14,000.00 subject to Court approval and higher and better offers.

6.    A true and correct copy of the Purchase Agreement is attached to the Trustee Declaration as **Exhibit "1"**.

7.    The Purchaser, Great Basin Institute, is a Nevada nonprofit organization and is not an insider or affiliate of the Debtor. The Trustee is informed and believes that the Purchaser is a disinterested party acting in good faith.

8.    The Purchase Agreement provides that the Property will be sold **"as is, where is,"** without warranties, and that the sale shall be free and clear of all liens, claims, encumbrances, and interests, with any such interests to attach to the sale proceeds.

---

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

9. The Purchase Agreement further provides that certain laptops may be temporarily retained by the Trustee for use in pending litigation or investigations, and that certain hardcopy records may be temporarily stored at the Debtor's facility.

10. The Trustee believes that the purchase price in the Purchase Agreement is reasonable due to an appraisal conducted by Samanth Brockelsby pursuant to this Court's Order located as ECF No. 24 in this case.

11. Accordingly, the Trustee believes that the sale of the Property to the Purchaser is in the best interests of creditors because it will result in a significant recovery for the bankruptcy estate and should be approved pursuant to Section 363.

## IV.    THE PROPOSED SALE OF THE PROPERTY

12. The Purchaser has offered to purchase the Property for the total sum of $14,000.00.

13. The sale of the Property is subject to higher and better offers pursuant to Section 363, subject to the specific terms and conditions set forth herein.

14. The Trustee believes that additional parties may be interested in submitting competing bids to purchase the Property.

15. Any parties interested in submitting overbids must submit such offers in writing to the Trustee's counsel no later than **October 31, at 5:00 p.m. PDT** (the "Initial Overbid Deadline") together with a refundable deposit in the sum of $500. In the event that any overbids are received by the Initial Overbid Deadline, the Trustee shall advise the Purchaser of the receipt of any and all overbids, including the identity of the overbidder(s) and the amount(s) of any overbid(s), by no later than November 3, 2025. In the event that any overbids are received by the Initial Overbid Deadline, the Trustee shall conduct an auction in open court at the hearing on this Motion and sell the Property to the highest and best offer made at that hearing, and without any continuance of the hearing.

16. Any party not tendering an overbid and the required deposit by the Initial Overbid Deadline is barred from tendering a bid thereafter, including at the hearing on the Motion. In the event no overbids are received by the Initial Overbid Deadline, then the Trustee shall proceed to

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

the hearing on the Motion to sell the Property to the Purchaser.

17. Deposits for any bidders who are not the winning bidders shall be immediately and automatically refunded by the Trustee to the applicable bidder within three (3) business days of the hearing on the Motion, and without any claim or offset. All overbids, whether tendered by the Initial Overbid Deadline or further overbids tendered at the hearing, must increase in minimum bid increments of at least $1,000.00, and offer to acquire the Property in exchange for the immediate payment of cash to the bankruptcy estate within three (3) business days of the hearing on the Motion.

## V.    LEGAL ARGUMENT

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests. *See generally* 11 U.S.C. § 363. Section 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). When a trustee articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987).

Section 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1    In the instant case, the Purchase Agreement was negotiated at arm's length in good faith,

2   and the Trustee believes its terms are fair and reasonable under the circumstances.

3    Here, the Trustee has exercised sound business judgment. The Property is not necessary

4   for ongoing operations and is burdensome to warehouse. The sale will generate immediate cash

5   for distribution to creditors.

6    Pursuant to 11 U.S.C. § 363(f), the Trustee may sell property free and clear of all liens,

7   claims, encumbrances, and interests if one of five conditions applies. The Trustee submits that

8   any interests in the Property are subject to bona fide dispute or may be satisfied from sale

9   proceeds; therefore, § 363(f)(4) and (5) are satisfied.

10    In addition to the other sale-related relief sought herein, the Trustee requests that the Court

11   specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close

12   the proposed transaction for the sale of the Property immediately after the Court enters an order

13   approving the transaction, including, without limitation, those arising under FRBP 6004.

14    Finally, the Trustee requests that the Court deem the Purchaser as good faith purchaser

15   pursuant to Section 363(m). *In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988). The

16   Purchaser has offered to pay a purchase price that will result in a significant distribution to

17   creditors. The Trustee is further informed and believes that the Purchaser do not have any

18   relationship or connections with the Debtor that would suggest that their offer to purchase the

19   Property is not in good faith.

20    The Motion and supporting declarations have been served on (a) the Office of the United

21   States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice.

22   Notice of the Motion has also been served on all creditors and parties in interest. The Trustee

23   submits that no further notice is required.

24   . . .

25   . . .

26   . . .

27   . . .

28    . . .

-6-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

## VI.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (a) approving the Sale of the Property free and clear of liens to Purchaser pursuant to Section 363; and (b) for such other relief as the Court deems just and proper under the circumstances.

Dated this 7th day of October, 2025.

HOUMAND LAW FIRM, LTD.


By:  */s/Bradley G. Sims*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:     702/720-3371

*Counsel for W. Donald Gieseke, Chapter 7 Trustee*