Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for W. Donald Gieseke, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>TRUCKEE MEADOWS PARKS FOUNDATION,<br><br>   Debtor. | Case No. BK-S-25-50659-HLB<br>Chapter 7<br><br>**DECLARATION OF W. DONALD GIESEKE IN SUPPORT OF MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. § 363**<br><br>Date of Hearing:    November 4, 2025<br>Time of Hearing:    1:30 p.m.<br><br>Place: Telephonic Hearing<br>Phone Conference Number: (833) 435-1820<br>Meeting ID: 160 532 0260<br>Access Code: 643758#<br><br>Judge: Honorable Hilary L. Barnes[1] |

I, W. Donald Gieseke, hereby declare as follows:

1.    I am over the age of 18 years and I am competent to make this declaration. I have personal knowledge of the facts set forth herein, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

-1-

2. I am the appointed Chapter 7 Trustee in the above-captioned bankruptcy case.

3. I make this declaration in support of the *Motion to Approve Sale of Substantially All of the Debtor's Assets Pursuant to 11 U.S.C. § 363* (the "Motion").[2]

4. On or about July 31, 2025, the Debtor filed a Schedule A/B identifying an interest in, among other things, property described as "OFFICE FURNITURE, EQUIPMENT AND SUPPLIES LOCATED AT 6800 PEMBROKE DR.", "APPROXIMATELY 50 MACBOOK AIR COMPUTERS AND IPADS," a "TORO GOLF CART", and MISCELLANEOUS GARDENING TOOLS AT ROSEWOOD NATURE STUDY" (collectively, the "Property").

5. After reviewing the Property and conducting an inquiry into its value, I have determined that a sale of the Property as a package would maximize recovery for the estate.

6. On October 1, 2025, I executed a Purchase and Sale Agreement (the "Purchase Agreement") with Great Basin Institute, a Nevada nonprofit organization, for the purchase of the Property for a total purchase price of $14,000.00, subject to higher and better offers and Court approval.

7. The Purchase Agreement provides that the Property shall be sold "as is, where is," without warranties, and free and clear of all liens, claims, encumbrances, and interests, with any valid liens attaching to the proceeds of sale.

8. The Purchase Agreement also provides that certain laptops may be temporarily retained by me as Trustee for use in connection with pending litigation and investigations, and that certain hardcopy records may remain temporarily stored at the Debtor's facility before removal and turnover.

9. In negotiating this sale, I confirmed that Great Basin Institute is not an insider, affiliate, or related party to the Debtor, and that all negotiations were conducted at arm's length and in good faith. I am informed and believe that the Purchaser is a disinterested person within the meaning of 11 U.S.C. § 101(14).

. . .

---

[2] Unless otherwise provided herein, all defined terms shall have the same meaning ascribed to them in the Motion.

-2-

10. Based upon my review of the Debtor's schedules, prior operations, and comparable asset values, I believe the purchase price of $14,000.00 is fair, reasonable, and represents the highest and best value obtainable under the circumstances.

11. I further believe that the proposed sale is in the best interests of creditors because it will promptly convert non-liquid assets into cash for distribution through the Chapter 7 estate.

12. In my business judgment, approval of the sale to Great Basin Institute is appropriate under 11 U.S.C. § 363(b) and (f).

**13.** A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit "1."**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 7th day of October, 2025.

/s/ *W. Donald Gieseke*
W. Donald Gieseke, Chapter 7 Trustee

-3-